IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| THOMAS EMIL SLIWINSKI,<br><br>Petitioner,<br><br>vs.<br><br>LYNN GUYER; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 19-80-H-DLC-JTJ<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

On November 26, 2019, state pro se petitioner Thomas Emil Sliwinski filed this action under 28 U.S.C. § 2254. (Doc. 1.) On February 12, 2020, Sliwinski was directed to show cause as to why his petition should not be dismissed as procedurally defaulted. (Doc. 7.) After a series of extensions, see (Docs. 10, 11 & 13), Sliwinski filed his response to this Court's order. See, (Doc. 14)(filed Aug. 14, 2020).

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). Because

1

Sliwinski has not demonstrated an adequate basis to set aside the default of his petition, it should be dismissed.

## I.     Background/Sliwinski's Claim

The Montana Supreme Court explained the procedural history of Sliwinski's state criminal case as follows:

> Sliwinski was charged with bail jumping on September 9, 2004, after failing to appear for probation revocation proceedings on September 2, 2004, related to two previous felony convictions. Shortly after failing to appear, Sliwinski fled to Mexico and was not apprehended until 2015, Sliwinski was extradited to the United States, and ultimately to Montana, in January 2016 and was placed in custody in the Lewis and Clark County Detention Center. Sliwinski pled not guilty, and trial was held January 23-25, 2017.

*State v. Sliwinski*, 2018 MT 310N, ¶ 3 (Mont. Dec. 18, 2018). Sliwinski filed a motion in limine to exclude reference to his previous convictions and prior acts. The motion was granted in part and denied in part. *Id*. at ¶ 4.

During trial the State called bounty hunter Robert Ryan, an employee of the company who provided Sliwinski bail in 2004, as a witness. When asked about Sliwinski's apprehension, Ryan provided the non-responsive answer, "And given the fact that Mr. Sliwinski had more or less devoted his entire life to indoctrinating and brainwashing his family—" *Id*. at ¶ 5. The State interrupted Ryan's testimony and ended its questioning. *Id*.

At the end of the day, a juror sent a note to the trial judge. The juror explained that after hearing Ryan's testimony, she recalled hearing something

about Sliwinski and was acquainted with one of his children. *Id*. at ¶ 6. After discussion with the parties, the juror was removed and replaced with an alternate. Sliwinski then moved for a mistrial based upon Ryan's statement about Sliwinski's purported "indoctrinating" and "brainwashing." *Id*. The court denied Sliwinski's motion; Sliwinski was found guilty of bail jumping the following day. *Id*.

Sliwinski appealed arguing that the district court abused its discretion by denying his motion for a mistrial because "the absence of overwhelming evidence of his guilt, coupled with the prejudicial effect of Ryan's statement, denied [his] right to a fair trial." *Id*. at ¶ 8. The Court determined that while Ryan's statement was arguably inadmissible pursuant to the order in limine, the strength of the evidence that Sliwinski committed the crime of bail jumping was substantial. *Id*. at ¶¶ 10-11. Further, the Court determined the prejudice resulting from Ryan's statement did not rise to the level of that justifying a mistrial. *Id*. at ¶ 12. The district court was affirmed.

In his present petition, Sliwinski argues trial counsel provided ineffective assistance by failing to object to Ryan's testimony regarding "brain washing." (Doc. 1 at 4, ¶ 13(A)(i)). Sliwinski claims he was prejudiced by this testimony. *Id*. Sliwinski asserts there was no plausible defense strategy that would have supported allowing the jury to hear this false testimony; Sliwinski also states the Montana Supreme Court refused to hear this claim. *Id*.

Sliwinski asks this Court to grant him a new trial or provide whatever other relief the Court sees fit. *Id*. at 7, ¶ 17.

## II. Procedural Default

Before a state prisoner may present a claim to a federal court, he must first exhaust his available state remedies. 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement prevents the federal court from "upset[ting] a state court conviction" without first allowing the state courts an "opportunity to…correct a constitutional violation." *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). But even if a petitioner's claim is procedurally defaulted, a federal district court may still hear the merits of the claim if the petitioner meets one of two exceptions: (1) a showing of actual innocence, which means that a miscarriage of justice will occur if the

constitutional claim is not heard in federal court, *Schlup v. Delo*, 513 U.S. 298, 329 (1995); or (2) a showing of adequate legal cause for the default and prejudice arising from the default, *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

Sliwinski does not dispute that his present claim was never presented to the state courts. As set forth above, on direct appeal, Sliwinski argued the district court abused its discretion in denying his motion for a mistrial. Sliwinski did not seek collateral review, including state postconviction, in an effort to exhaust his present claim. In response to the order to show cause, Sliwinski seems to argue both that he is innocent of the crime of bail jumping and that cause and prejudice exists to excuse the default. See generally, (Doc. 14.)

### i. Actual Innocence

A petitioner claiming actual innocence must satisfy the *Schlup* standard by demonstrating "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Lee v. Lampert*, 653 F. 3d 929, 938 (9th Cir. 2011)(en banc). In the federal habeas context "actual innocence" means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). To make a credible claim of actual innocence, petitioner must produce "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v. Delo*, 513

U.S. 298, 324 (1995).  The habeas court then considers all the evidence – old and new, incriminating and exculpatory, admissible at trial or not.  *House v. Bell*, 547 U.S. 518, 538 (2006).  On this complete record, the court makes a "probabilistic determination about what reasonable, properly instructed jurors would do."  *Id*. (quoting *Schlup*, 513 U.S. at 330).

In his response to this Court's order, Sliwinski alludes to the actual innocence gateway a number of times, stating that a "fundamental miscarriage of justice" will occur if this Court does not hear his claim.  See generally, (Doc. 14.)  But aside from his own conclusory statements, Sliwinski presents no new reliable evidence- in any form- that would tend to demonstrate he is actually innocent of the offense of bail jumping.  While Sliwinski may believe the state court proceedings were inadequate and that he should not have been convicted, that is not the showing he is required to make before this Court to excuse the procedural hurdle before him.  Sliwinski must present this court with new and reliable evidence of his actual innocence, simply asserting his belief that there was some unidentified legal insufficiency will not satisfy his burden.  *Bousley*, 523 U.S. at 623.  Because Sliwinski has failed to make the requisite showing, he cannot use the actual innocence gateway to allow this Court to hear his claim.

    **ii.**    **Cause and Prejudice**

A petitioner may overcome the prohibition on reviewing procedurally

defaulted claims if he is able to show "cause" to excuse his failure to comply with the state procedural rule and "actual prejudice resulting from the alleged constitutional violation." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Wainwright v. Sykes*, 433 U.S. 72, 84 (1977). To establish cause for a default, a petitioner must show that some objective factor external to the defense impeded efforts to comply with the State's procedural rule. See, *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A factor is external to the petitioner if it "cannot fairly be attributed to him." *Coleman*, 501 U.S. at 753. To show "prejudice," a petitioner generally bears "the burden of showing not merely that the errors [in his proceeding] constituted a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

Sliwinski argues his trial counsel's ineffective assistance in failing to object to the bounty hunter's testimony that Sliwinski had "brainwashed" his family, constitutes "cause" to set aside the default. See, (Doc. 14 at 1-2.) Sliwinski also posits that if one juror heard the testimony and was ultimately excused, other jurors likely recalled Sliwinski's family history and the past allegations made against him, which resulted in an unfair trial. Sliwinski asserts the "prejudice" prong is met because his claim was not heard by the Montana Supreme Court and he is now barred by state procedural rules from presenting it.

7

As a preliminary matter, this Court is not convinced that Sliwinski's trial counsel performed deficiently by failing to object to the statement at issue. "An attorney's failure to object to the admission of inadmissible evidence is not necessarily ineffective" but is presumed to be sound trial strategy which a Petitioner must overcome. *Morris v. California*, 966 F.2d 448, 456 (9th Cir. 1991), *cert. denied,* 506 U.S. 831 (1992). Trial counsel may have chosen not to object, but this Court "need not determine the actual explanation for trial counsel's failure to object, so long as his failure to do so falls within the range of reasonable representation." *Id.; see e.g., United States v. Molina*, 934 F.2d 1440, 1448 (9th Cir. 1991) (from a strategic perspective many lawyers refrain from objection to all but the most egregious misstatements on the theory that the jury may construe objections as a sign of desperation or a hyper-technicality). Moreover, a petitioner must demonstrate that any objection—assuming sustained—would have altered the outcome at trial. *See Jackson v. Brown*, 513 F.3d 1057, 1082 (9th Cir. 2008) ("[E]ven if [counsel's] failure to object was deficient, we cannot find that, but for his errors, there is a reasonable probability that the jury would not have still convicted [the petitioner]."). Sliwinski's trial counsel may not want to have called additional attention to the bounty hunter's statement, particularly because he did not finish his statement- the state interrupted and ended its own questioning. Additionally, and contrary to Sliwinski's assertions, there appears to be adequate

support in the record to support both the jury's verdict and the state court's finding that the strength of the evidence that Sliwinski committed the offense bail jumping was "substantial." *See, Sliwinski*, 2018 MT 310N, ¶¶ 10-11. This Court would note that Sliwinski failed to appear for revocation proceedings and was apprehended years later in Mexico. Thus, it appears unlikely that even if trial counsel had objected to the bounty hunter's statement, the outcome of Sliwinski's trial would have been different.

But even setting that aside, trial counsel's failure to object is not "something external to the defense" that prevented Sliwinski from complying with the state procedural rules. Sliwinski elected not to pursue collateral review- either in the form of state postconviction or habeas corpus proceedings-to present his IAC claim. His failure to do so is what now precludes this Court's review; not counsel's actual failure to object during Sliwinski's trial. And, as set forth above, even assuming trial counsel should have objected, this single failure does not appear to have infected the entire state court proceedings with errors of a constitutional dimension. *See, Frady*, 456 U.S. at 170. Thus, Sliwinski has failed to demonstrate adequate cause to set aside the default.

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254

Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because Sliwinski has not established an adequate basis to set aside the procedural default of his claims. There are no close questions and there is no basis to encourage further proceedings at this time.

Based upon the foregoing, the Court enters the following:

### RECOMMENDATION

1. Sliwinski's Petition (Doc. 1) should be DISMISSED as procedurally defaulted without excuse.

2. The Clerk of Court should be directed to enter a judgment of dismissal.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Sliwinski may object to this Findings and Recommendation within 14

days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Sliwinski must immediately notify the Court of any change in his mailing address.</u>  Failure to do so may result in dismissal of his case without notice to him.

DATED this 16th day of November, 2020.

> */s/ John Johnston*
> John Johnston
> United States Magistrate Judge

---

[1]  Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)."  Therefore, since Sliwinski is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.