IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| THOMAS EMIL SLIWINSKI, | CV 19–80–M–DLC |
| Petitioner, | |
| vs. | ORDER |
| LYNN GUYER; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

Before the Court is the Findings & Recommendation of United States Magistrate Judge John T. Johnston. (Doc. 15.) Judge Johnston recommends that the Court dismiss Petitioner Thomas Emil Sliwinski's petition for writ of habeas corpus as procedurally defaulted. (*See* Doc. 1.) He further recommends that the Court deny a certificate of appealability. (Doc. 15 at 10.) Sliwinski does not object.

Absent objection, the Court reviews for clear error. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error review is "significantly deferential" and exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

- 1 -

Reviewing for clear error, the Court finds none.  Sliwinski does not dispute that his ineffective assistance of counsel claim is procedurally defaulted, *see Gray v. Netherland*, 518 U.S. 152, 161–62 (1996), and he fails to show why it should be excepted from the rule.  (*See generally* Doc. 14.)  As Judge Johnston explains, apart from repeating that the Court's failure to hear his claim will result in a "miscarriage of justice," Sliwinski points to no "new reliable evidence . . . that was not presented at trial."  *Schlup v. Delo*, 513 U.S. 298, 324 (1995).  Therefore, the actual innocence exception to an otherwise procedurally defaulted claim is inapplicable.  *Id.* at 329.  Similarly, Sliwinski fails to show that any external factor impeded his efforts to comply with the State's procedural rules.  Thus, his ineffective assistance claim is not excused for cause and prejudice.  *Coleman v. Thompson*, 501 U.S. 722, 753 (1991).  And, the Court agrees that no jurists of reason could disagree with these conclusions and that the issues presented by Sliwinski's petition do not deserve encouragement to proceed further; the Court will deny a certificate of appealability.  *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted).

Accordingly, having conducted clear error review, IT IS ORDERED that the Court ADOPTS Judge Johnson's Findings and Recommendation (Doc. 15) IN FULL.  Consequently, IT IS ORDERED that Sliwinski's Petition (Doc. 1) is DISMISSED as procedurally defaulted without excuse.

IT IS FURTHER ORDERED that the Clerk of Court shall enter, by separate document, a judgment in favor of Respondent and against Petitioner.

Finally, IT IS ORDERED that a certificate of appealability is DENIED.

DATED this 17th day of December, 2020.

_____
Dana L. Christensen, District Judge
United States District Court